```
 1  DEBRA W. YANG
    United States Attorney                    ORIGINAL
 2  WAYNE GROSS
    Assistant United States Attorney
 3  Chief, Southern Division
    ANDREW STOLPER (205462)
 4  Assistant United States Attorney
         411 West Fourth Street, 8th Floor
 5       Santa Ana, CA  92701-4599
         Telephone:  (714) 338-3536
 6       Facsimile:  (714) 338-3708

 7  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
 8
```



UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) No. SA CR 05-36-JVS |
|---|---|
| Plaintiff, | ) **SUPPLEMENTAL BRIEFING ON "SIDE SWITCHING"; DECLARATIONS OF DAVID DJAVAHERIAN, MICHAEL GOOD, JOEL SAYRES, DEBORAH LICHTA, and ROBERT PINON** |
| v. | |
| KENNETH KETNER | |
| Defendant. | |

I.   **ADDITIONAL DECLARATIONS**

The Court ordered the government to produce declarations of anyone who billed more than 50 hours to defendant's case while they worked at Irell.  These declarations are attached (declarations of Richard Berger and John Wager, who both billed more than 50 hours, were filed as part of the government's Opposition).  Below is a summary chart of every person who worked at Irell who billed more than 50 hours on defendant's matter (all of whom now have declarations on file).  This sample accounts for 1889.6 hours or 97.4% of the total time billed on defendant's



matter. This figure does not include the 2.5 hours billed by attorneys who worked exclusively in Irell's Century City office.

| TIMEKEEPER | AMOUNT OF TIME BILLED | JOB | OFFICE | DECLARATION |
|---|---|---|---|---|
| Richard Berger | 330.15 | Atty | NBO and CCO[1] | Never met or communicated with Mr. Stolper while at Irell. |
| David Djavaherian | 129.95 | Atty | NBO | Never communicated anything regarding defendant. |
| Michael Good | 441.85 | Atty | NBO | Never met or communicated with Mr. Stolper while at Irell. |
| Deborah Licata | 270.25 | Para | NBO | Never met or communicated with Mr. Stolper while at Irell. |
| William Lobel | 68.6 | Atty | NBO | Never met or communicated with Mr. Stolper while at Irell. |
| Robert Pinon | 100.1 | Para | NBO | Never met or communicated with Mr. Stolper while at Irell. |
| Joel Sayres | 147.8 | Atty | NBO | Never met or communicated with Mr. Stolper while at Irell. |
| John Wagner | 400.9 | Atty | NBO | Never communicated anything regarding defendant; did not speak with Mr. Stolper while he was representing defendant. |
| **TOTAL** | **1889.6** | | | |

---

[1] "NBO" refers to Irell's Newport Beach office. "CCO" refers to Irell's Century City Office.

## II. "SIDE SWITCHING"

The Court inquired as to whether defendant's accusation of "side-switching" was meritorious. The case answering this question, cited in the government's Opposition, is <u>Edwards v. 360 Communications</u>, 189 F.R.D. 433 (D. Nev. 1999). In <u>Edwards</u>, an attorney named Craig Friedberg ("Friedberg") worked for a the law firm of Rawlings, Olson, Cannon, Gormley & Desruisseaux ("Rawlings Olson"). <u>Id.</u> at 434. While Friedberg was employed at Rawlings Olson, the firm took on the representation of 360 Communications after it was sued by Paul Edwards ("Edwards"). <u>Id.</u> During the Rawlings Olson's representation of 360 Communications it "performed various pretrial tasks, ranging from the drafting of answers to Plaintiff's Complaint to the service of dispositive motions" in fending off Edwards's lawsuit. <u>Id.</u> Friedberg worked at Rawlings Olson for six of the seven months it represented 360 Communications, but he was "never involved in the representation." <u>Id.</u>

Friedberg then quit the Rawlings firm to open a solo practice. <u>Id.</u> Two months after he went out on his own, Friedberg took on the representation of Edwards in its lawsuit against 360 Communications. <u>Id.</u> 360 Communications moved to disqualify Friedberg from representing Edwards, claiming he was "per se" disqualified from the representation based on his prior association with Rawlings Olson. <u>Id.</u>

The Nevada District Court understood that "Friedberg has undertaken representation of an adverse party in a proceeding identical to the one in which Rawlings Olson had previously provided representation." <u>Id.</u> at 437. The Nevada District Court

That returns the inquiry to exactly where every case holds it must begin and end: whether Mr. Stolper had access to defendant's confidential information while he was at Irell. Every declaration filed by the government demonstrates that Mr. Stolper was unaware defendant existed, much less had access to his confidential information.

Defendant claim that "side switching" requires per se disqualification of an attorney who had no involvement with prior matter, finds no support in the case law, no support in the ABA Model Rules, and has been specifically rejected by <u>Edwards</u>.

DATED: April 27, 2005

Respectfully submitted,

DEBRA W. YANG
United States Attorney

WAYNE GROSS
Assistant United States Attorney
Chief, Southern Division

_____
ANDREW STOLPER
Assistant United States Attorney

## DECLARATION OF ROBERT PINON

I, Robert Pinon, hereby declare and state as follows:

1. I was a paralegal at Irell & Manella's Newport Beach, California office.

2. I worked on the bankruptcy of Kenneth Ketner.

3. Prior to this declaration, I never heard of, or otherwise communicated with, Andrew Stolper.

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct.

Executed April 25, 2005 in Orange County, California,

_____
ROBERT PINON

## DECLARATION OF DEBORAH LICATA

I, Deborah Licata, hereby declare and state as follows:

1. I was a paralegal at Irell & Manella's Newport Beach, California office.
2. I worked on the bankruptcy of Kenneth Ketner.
3. Prior to this declaration, I never heard of, or otherwise communicated with, Andrew Stolper.

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct.

Executed April 25th, 2005 in Orange County, California,

_____
DEBORAH LICATA

## DECLARATION OF JOEL SAYRES

I, Joel Sayres, hereby declare and state as follows:

1. I am an attorney at Irell & Manella's Newport Beach Office. I worked on Kenneth Ketner's bankruptcy.

2. I previously met Andrew Stolper once when he and I attended a dinner arranged by mutual friends. The first time I met Mr. Stolper he was already an Assistant United States Attorney. No client matters were discussed at the dinner.

3. Prior to meeting Mr. Stolper at dinner, I had never spoken with or otherwise communicated with Mr. Stolper.

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct.

Executed April 25, 2005 in Newport Beach, California,

_____
JOEL SAYRES

## DECLARATION OF DAVID DJAVAHERIAN

I, David Djavaherian, hereby declare and state as follows:

1. I am an attorney at Irell & Manella's Newport Beach Office. I worked on Kenneth Ketner's bankruptcy.

2. Mr. Stolper and I met at the firm's new associate retreat at La Quinta just I after I joined the firm.

3. Mr. Stolper and I would exchange pleasantries at firm social events but, to the best of my recollection, otherwise we did not speak.

4. I did not discuss, or otherwise communicate, information relating Mr. Ketner's matter with Mr. Stolper.

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct.

Executed April 25, 2005 in Newport Beach, California,

_____
DAVID DJAVAHERIAN

## DECLARATION OF MICHAEL GOOD

I, Michael Good, hereby declare and state as follows:

1. I am a bankruptcy attorney in Coudert Brothers Los Angeles office.

2. I previously worked as a bankruptcy attorney in Irell & Manella's Newport Beach office. I worked on the bankruptcy of Kenneth Ketner.

3. Prior to being requested to sign this declaration, I had never heard of or communicated with Andrew Stolper.

4. Prior to being asked to sign this declaration, I never communicated with Mr. Stolper regarding Kenneth Ketner.

I declare under penalty of perjury of the laws of the State of California and the United States that the foregoing is true and correct.

Executed April 27, 2005 in Los Angeles, California,

MICHAEL GOOD

**CERTIFICATE OF SERVICE BY MAIL**

I, **SONIA ARMENTA**, declare: That I am a citizen of the United States and resident or employed in Orange County, California; that my business address is United States Attorney's Office, 411 West Fourth Street, Suite 8000, Santa Ana, California 92701; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose discretion the service by mail described in this Certificate was made; that on <u>April 28, 2005</u>, I deposited in the United States Mails, United States Attorney's Office, 411 West Fourth Street, Suite 8000, Santa Ana, California 92701 in the above-entitled action, in an envelope bearing the requisite postage, a copy of:

<u>**SUPPLEMENTAL BRIEFING ON "SIDE SWITCHING"; DECLARATIONS OF DAVID DJAVAHERIAN, MICHAEL GOOD, JOEL SAYRES, DEBORAH LICHTA, AND ROBERT PINON**</u>
addressed to:

**SEE ATTACHMENT**

at their last known address, at which place there is a delivery service by United States Mail.

This Certificate is executed on <u>April 28, 2005</u>, Santa Ana, California. I declare under penalty or perjury that the foregoing is true and correct.

_____
Sonia Armenta

**SERVICE LIST**

THOMAS H. BIENERT JR.
107 Avendia Miramar, Suite B
San Clemente, CA. 92672

applied the ABA Model Rules and determined that disqualification was not warranted because Friedberg had no involvement in the 360 Communications matter while he was at the Rawlings Olson. Id. at 439. The court noted that:

> While it might make sense to apply a per se standard of disqualification in situations where the challenged attorney was directly involved in the first representation, the wisdom of such an approach becomes far less clear in cases where the attorney lacks any substantial involvement in the disputed matter. Thus, some jurisdictions limit automatic disqualifications to cases where the attorney whose disqualification is sought was *personally* involved in the representation of the former client. See, e.g., Dieter v. Regents of the Univ. of California, 963 F.Supp. 908, 910-12 (E.D.Cal. 1997) (applying California law)

Id. at 438 (emphasis original).

Friedberg left his firm, who was representing 360 Communications in direct litigation with Edwards, to take on the representation of Edwards in that same case. Friedberg, in defendant's parlance, "switched sides," but the district court found that of no moment because he had no confidential information. Applied to the instant case, since it is clear that Mr. Stolper had no involvement in defendant's Irell representation, Edwards demonstrates that Mr. Stolper may not be automatically disqualified even it were assumed, *arguendo,* that the Department of Justice was on the opposite "side" of defendant during his bankruptcy.