```
 1  DEBRA WONG YANG
    United States Attorney
 2  WAYNE R. GROSS
    Assistant United States Attorney
 3  Chief, Santa Ana Branch
    BRENT G. TABACCHI
 4  Assistant United States Attorney (Cal. Bar. No. Pending)
         Ronald Reagan Federal Building and Courthouse
 5       411 West Fourth Street, Suite 8000
         Santa Ana, California 92701
 6       Telephone: (714) 338-3540
         Facsimile: (714) 338-3708
 7       Brent.Tabacchi@usdoj.gov

 8  Attorney for Plaintiff
    UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) Case No. SA CR 05-36-JVS |
|---|---|
| Plaintiff, | ) EX PARTE APPLICATION FOR AN ORDER PERMITTING RELEASE OF GRAND JURY TRANSCRIPT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRENT G. TABACCHI |
| v. | |
| KENNETH KETNER, | |
| Defendant. | |

Plaintiff United States of America, by and through its attorney of record, the United States Attorney's Office for the Central District of California, applies <u>ex parte</u> for an order pursuant to Rule 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure, authorizing the government to provide counsel of record for the defendant in this case a copy of the grand jury testimony of a witness whom the government intends to call at trial. This application is necessitated by the disclosure



provisions of the Jencks Act, Title 18, United States Code § 3500, and is based on the accompanying memorandum of points and authorities and declaration of Brent G. Tabacchi, on the files and records of this case, and on such further evidence and argument as may be presented at any hearing on this application.

DATED: May 1, 2006

Respectfully submitted,

DEBRA WONG YANG
United States Attorney

WAYNE R. GROSS
Assistant United States Attorney
Chief, Santa Ana Branch

/s/ Brent G. Tabacchi
BRENT G. TABACCHI
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Criminal Procedure 6(e) ("Rule 6(e)"), the government seeks an order from this Court permitting disclosure of certain grand jury testimony to defendant's counsel prior to the trial in this case. As a general proposition, Rule 6(e) prohibits "an attorney for the government" from "disclos[ing] a matter occurring before the grand jury." Rule 6(e)(2)(B)(vi). Upon the government's motion, however, "the court may authorize disclosure--at a time, in a manner, and subject to any other conditions that it directs--of a grand jury matter . . . preliminarily to or in connection with a judicial proceeding." Rule 6(e)(3)(E)(i). The district court's power to order disclosure is discretionary and may be exercised when "compelling necessity" outweighs the countervailing policy of grand jury secrecy. United States v. Proctor & Gamble Co., 356 U.S. 677, 682 (1958); In re William H. Pflaumer & Sons, Inc., 53 F.R.D. 464, 470 (E.D. Pa. 1971). However, when the policy reasons underlying secrecy[1] "do not apply [to] a given situation, or apply to only an insignificant degree, the party seeking

---

[1] The Ninth Circuit has recognized five policy considerations underlying the need for grand jury secrecy: "(1) to prevent the escape of those whose indictment may be contemplated; (2) to insure the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors; (3) to prevent subornation of perjury or tampering with the witnesses who may testify before the grand jury and later appear at the trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes; and (5) to protect the innocent accused who is exonerated from disclosure of the fact that he has been under investigation." U.S. Ind., Inc. v. United States Dist. Ct., 345 F.2d 18, 21 (9th Cir. 1965).

disclosure should not be required to demonstrate a large compelling need" for the grand jury testimony. <u>U.S. Industries, Inc. v. United States District Court</u>, 345 F.2d 18, 21 (9th Cir. 1965).

In this case, the policy considerations that warrant grand jury secrecy do not counsel against disclosure of the transcripts. Most notably, defendant already has been indicted in this case.

In contrast, compelling reasons justify an order permitting disclosure of the grand jury testimony. In particular, the Jencks Act, 18 U.S.C. § 3500, requires the government to "produce any 'statement' in its possession of a witness it has called which relates to the subject matter of which the witness has testified . . . includ[ing] a transcript of a witness's testimony before a grand jury." <u>United States v. Knowles</u>, 594 F.2d 753, 755 (9th Cir. 1979). Here, during its case-in-chief in these proceedings, the government may call as a witness an individual who testified before the grand jury that indicted this matter. Thus, to permit the government to comply with its obligations under the Jencks Act and to promote the interests of justice by allowing defense counsel an opportunity to review the requested materials prior to trial, the court should permit the government to disclose the grand jury testimony in this case to defense counsel. <u>See</u> <u>United States v. Kerr</u>, 981 F.2d 1050, 1052 (9th Cir. 1992) (concluding that government complied with <u>Jenck</u>'s obligations by turning over to defendant grand jury statements of government witnesses).

However, the government requests that defense counsel and

1 | defendant be ordered (a) not to disclose the grand jury testimony
2 | except as necessary in preparation of the defense, and (b) to
3 | supply a copy of the court's order permitting disclosure (and
4 | restricting use of the disclosed grand jury testimony) to anyone
5 | to whom they disclose the grand jury testimony.

DATED: May 1, 2006					Respectfully submitted,

							DEBRA WONG YANG
							United States Attorney

							WAYNE R. GROSS
							Assistant United States Attorney
							Chief, Santa Ana Branch

							_____
							BRENT G. TABACCHI
							Assistant United States Attorney

							Attorneys for Plaintiff
							United States of America

## DECLARATION OF BRENT G. TABACCHI

I, Brent G. Tabacchi, hereby declare as follows:

1. I am an Assistant United States Attorney for the Central District of California. In that capacity, I represent the government in United States v. Ketner, No. CR 05-36-JVS.

2. This Court has scheduled trial in this case for May 30, 2006.

3. I anticipate that the government may call during trial one witness who testified before the grand jury during its investigation of this case. Such testimony constitutes a "statement" within the ambit of the Jencks Act, 18 United States Code, § 3500, which the government is required to provide to the defense.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 1, 2006, in Santa Ana, California.

*[signature]*
BRENT G. TABACCHI

**CERTIFICATE OF SERVICE BY MAIL**

I, **REBECCA SATO**, declare: That I am a citizen of the United States and resident or employed in Orange County, California; that my business address is United States Attorney's Office, 411 West Fourth Street, Suite 8000, Santa Ana, California 92701; that I am over the age of eighteen years, and am not a party to the above-entitled action;

That I am employed by the United States Attorney for the Central District of California, who is a member of the Bar of the United States District Court for the Central District of California, at whose discretion the service by mail described in this Certificate was made; that on May 1, 2006, I deposited in the United States Mails, United States Attorney's Office, 411 West Fourth Street, Suite 8000, Santa Ana, California 92701 in the above-entitled action, in an envelope bearing the requisite postage, a copy of:

   **EX PATE APPLICATION FOR AN ORDER PERMITTING RELEASE OF GRAND JURY TRANSCRIPT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF BRENT G. TABACCHI**

addressed to:
   **SEE ATTACHMENT**

at their last known address, at which place there is a delivery service by United States Mail.

This Certificate is executed on May 1, 2006, Santa Ana, California. I declare under penalty or perjury that the foregoing is true and correct.

_____
REBECCA SATO

Service List

Benjamin Nathan Gluck
Bird, Marella, et al.
1875 Century Park East, 23rd Fl.
Los Angeles, CA 90067