## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CRIMINAL MINUTES - GENERAL

| | |
|---|---|
| Case No.  SACR 05-00036-JVS | Date  June 2, 2008 |

Present: The Honorable   James V. Selna

Interpreter   Not Needed

| Karla J. Tunis | Sharon Seffens | Andrew Stolper |
|---|---|---|
| *Deputy Clerk* | *Court Reporter.* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| 2. Allen Johnson | X | | X | James Riddet | X | | X |

**Proceedings:**   SENTENCING

Cause called and counsel make their appearances.  The Court's tentative sentencing memorandum is issued.  Counsel make their arguments.  The defendant speaks.  The Court sentences the defendant (Refer to separate Judgment Order) in accordance with its sentencing memorandum (attached hereto).

cc:   USPO
      PSA

|   |   |
|---|---|
|   | :   50 |
| Initials of Deputy Clerk | kjt |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Sentencing Memorandum

This matter is before the Court for sentencing defendant Allen Edward Johnson ("Johnson") on his plea to Count 2 through 7 of the Indictment for violation of 18 U.S.C. §§ 1343, 1346, honest services fraud; and Count 15 of the Indictment for violation of 18 U.S.C. § 1956(h), money laundering. In arriving at a reasonable sentence as instructed by United States v. Booker, 543 U.S. 220 (2005), the Court has taken into consideration the United States Sentencing Commission Guidelines, the policies of the Sentencing Reform Act of 1984, 18 U.S.C. § 3553(a), and the specific facts of this case. The Court has reviewed the Presentence Report ("PSR") and the parties' submissions. As set forth below, the Court finds that a sentence of months imprisonment with a waiver of fine represents a reasonable sentence in light of all of these factors.

1. Sentencing Guidelines.[1] The Court adopts the Guidelines analysis of the PSR.[2]

1.1. Offense Level. The Court concurs in the Probation Officer's analysis.

*Fraud Counts.* The Court agrees that the fraud counts, Counts 2 through 7, group. U.S.S.G. § 3D1.3(d). Th applicable guideline is Section 2F1.1 which provides a base offense level of 6. A 14-level enhancement is required based on the amount of the loss ($5-$10 million). U.S.S.G. § 2F1.1(b)(1)(P). A further 2-level enhancement is required because the scheme required more than minimal planning. U.S.S.G. § 2F1.1(b)(2). An additional 2-level enhancement is required because Johnson abused a position of trust vis-à-vis the warehouse lenders, and potentially the buyers, with whom he dealt. U.S.S.G. § 3B1.3. The adjusted offense level is 24.

*Money Laundering.* The applicable Guideline is Section 2S1.1 which provides a base offense level of 20. A 2-level enhancement based on the amount of funds diverted ($600,000-$1,000,000). U.S.S.G. § 2S1.2(b)(2)(E). The adjusted offense level is 24.

*Unit Analysis.* The fraud and the money laundering counts each count as a unit.

---

[1] Although the Court considers the Guidelines first, the Court is mindful that the Guidelines are only the starting point in crafting a reasonable sentence. Gall v. United States, 552 U.S. __, Slip Opinion, p. 11 (Dec. 10, 2007); United States v. Carty, __ F.3d __, 2008 WL 763770 at * 4 (9th Cir. Mark 24, 2008). United States v. Cantrell, 433 F.3d 1269, 1280 (9th Cir. 2006). There is no presumption in this Court that a Guidelines sentence should apply. Rita v. United States, 551 U.S. __, Slip Opinion, p. 12 (June 21, 2007); Carty, 2008 WL 763770 at * 7.

[2] In order to avoid *ex post facto* considerations, the Court uses the 1998 version of the Guidelines. (See PSR, ¶ 53.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

The Court agrees with the Probation Officer that the result is the addition of 2 levels to the highest unit (here, both level 24), and that the overall offense level is 26.

Johnson is entitled to a 3-level reduction for accepting responsibility. U.S.S.G. §§ 3E1.1(a), (b). The Court finds that the record establishes by a preponderance of the evidence the basis for each enhancement and the reduction. The adjusted offense level is 23.

1.2. <u>Criminal History.</u> The Court concurs that the defendant's Criminal History Category is I, based on the absence of any Criminal History points.

1.3. <u>Departures.</u> The Court acknowledges that it has discretion to depart from the sentence which results from an application of the Guidelines, and finds that the Government's Motion under Section 5K1.1 for substantial cooperation provides a basis. The Government's showing meets the five-fold requirements of Section 5K1.1. (Government's Position, pp. .) The Court agrees that Johnson's cooperation is warrants a -level departure.

1.4. <u>Conclusion.</u> The Court finds that proper application of the Guidelines calls for a sentence of imprisonment for months and a fine of $ to $.

2. <u>Sentencing Reform Act.</u> In arriving at a reasonable sentence, the Court considers the following factors outlined in the Sentencing Reform Act.

2.1. <u>Nature of Circumstances of the Offense and History and Characteristics of Defendant.</u> As the Supreme Court recently observed in <u>Gall v. United States</u>, 552 U.S. __, Slip Opinion, pp. 13-14 (Dec. 10, 2007) (internal quotation marks deleted), "the sentencing judge consider[s] every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue."

The fraud on the warehouse lenders here took place on a massive scale. As the closing agent, Johnson was at the heart of the fraudulent loans transactions. Johnson was also at the center of the money laundering activities.

Johnson provides assistance for his elderly parents who reside in Newport Beach. (PSR, ¶¶ 94, 97-98.)

He has a bachelor's degree from the University of California at Santa Barbara, and in 1998, earned a law degree from California Western Law School in San Diego. (PSR, ¶¶ 117-18). He was subsequently admitted to the California bar, but has resigned. (PSR, ¶ 119.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

Johnson also hold a California Real Estate Brokers license. (PSR, ¶ 120.) He has extensive experience in residential home construction. (PSR, ¶ 121.)

Johnson has significant assets, but is unable to pay a fine in light of his restitution obligation. (See PSR, ¶ 129.)

2.2. Need for Sentence to Reflect Seriousness of Offense, to Promote Respect for Law, and to Provide Just Punishment. The Court finds that the Guidelines analysis has taken into account this factor.[3]

2.3. Need to Afford Adequate Deterrence of Criminal Conduct. The Court finds that the Guidelines analysis has taken into account this factor.

2.4. Need to Protect the Public. The Court finds that the Guidelines analysis has taken into account this factor.

2.5. Need to Provide Defendant Individualized Service Needs. This is not a factor in this case. Johnson will have drug counseling available to him while in prison and on supervised release.

2.6. Kinds of Sentences Available. Under the terms of the advisory Guidelines, a sentence falling within Zone D must include a term on imprisonment equivalent to the low end of the Guidelines range (24 months). U.S.S.G. § 5C1.1(f). The Court, of course, acknowledges that this directive, as well as all others in the Guidelines, is merely advisory.

2.7. Sufficiency of Punishment. The Court finds that a sentence which is the equivalent of the low-end Guidelines range is sufficient but no more than necessary to meet the goals of the Sentencing Reform Act, including specifically . Kimbrough v. United States, 552 U.S. __, Slip Opinion, p. 21 (Dec. 10, 2007). The Court finds that DFDT does not have the ability to pay a fine.

---

[3] The crime here is in the "minerun of roughly similar . . . cases," and the Court finds that with respect to this factor, the "Guidelines sentence is a proper sentence (in terms of § 3353(a) and other congressional mandates) in the typical case." Rita v. United States, 551 U.S. __, Slip Opinion, p.17-18, 20. Where the parties do not argue to the contrary, "the judge normally need say no more." (Id., 551 U.S. at __, Slip Opinion at 18.) ) As the Ninth Circuit has recently elaborated: "A within-Guidelines sentence ordinarily needs little explanation unless a party has requested a specific departure, argued that a different sentence is otherwise warranted, or challenged the Guidelines calculation itself as contrary to § 3553(a)." Carty, 2008 WL 763770 at * 5.

The Court does not mean that the Guidelines analysis overrides the factors in Section 3553(a), but rather that the Court will consider the same facts only once unless the facts have additional or different significance under a Section 3553(a) analysis or render the case atypical. The Court has noted where this is the case. United States v. Mix, 450 F.3d 375, 382 (9th Cir. 2006).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

The Court finds and Johnson does not have the ability to pay a fine.

      3. <u>Facts of the Case.</u>  There are no additional facts which the Guidelines analysis and the other factors in Section 3553(a) have not taken into account in type or degree.

      4. <u>Conclusion.</u>  In setting this sentence, the Court has taken into account that it has discretion under both the Guidelines and <u>Booker</u>.  As noted above, the Court has not exercised its discretion under the Guidelines or <u>Booker</u>, but in adopting the present sentence, the Court is mindful that whether a sentence falls within or without the Guideline range, the Court's ultimate decision is a reflection of its discretion.  The Court finds that taking into account the analysis mandated by <u>Booker</u>, a sentence of months imprisonment with a waiver of fine represents a reasonable sentence.