EILEEN M. DECKER
United States Attorney
DOROTHY A. SCHOUTEN
Assistant United States Attorney
Chief, Civil Division
INDIRA J. CAMERON-BANKS
Assistant United States Attorney
Chief, Financial Litigation Section
ROBERT I. LESTER (State Bar No. 116429)
Assistant United States Attorney
     Federal Building, Suite 7516
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone:  (213) 894-2464
     Facsimile:  (213) 894-7819
     E-mail:     robert.lester@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ALLEN JOHNSON,<br><br>　　　　Defendant. | No. SACR 05-0036-JVS<br><br>**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO QUASH SUBPOENAS DUCES TECUM**<br><br>DATE:  April 18, 2016<br>TIME:  9:00 a.m.<br>CTRM:  10C |

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

This matter arises out of the United States' enforcement of this Court's restitution order.  In 2008, this Court ordered criminal defendant Allen Johnson to pay restitution to his victims in the amount of $2,515,560.  To date, approximately 95% of that amount remains outstanding.

In January 2016, the United States issued subpoenas duces tecum ("subpoenas") to three financial institutions that it believes has information regarding Johnson's current financial condition. In response, Johnson moved to quash those subpoenas solely on the ground that the criminal case number was listed on the subpoenas instead of a civil case number.  Indeed, Johnson has no substantive objection to the United States' discovery regarding his current financial condition.

As set forth below, Johnson's objection to the United States' subpoenas is misplaced.  The Mandatory Victims Restitution Act of 1996 ("MVRA")[1] is a criminal statute which provides for the use of civil enforcement remedies set forth in the Federal Debt Collection Procedures Act of 1990 ("FDCPA")[2] to enforce orders of restitution entered under the MVRA, such as Johnson's.  A restitution order gives rise to a "debt" under the FDCPA.  28 U.S.C. § 3002(3)(B).

---

[1]  Pub. L. No. 104-132, §§ 201-211, 110 Stat. 1227-41.  The MVRA was enacted as Title II, Subtitle A of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.

[2]  Pub. L. No. 101-647, Title XXXVI, Subtitle A, 104 Stat. 4789, 4933.  The FDCPA was enacted as Title XXXVI of the Crime Control Act of 1990, Pub. L. 101-647, 104 Stat. 4789.

-1-

The discovery procedures authorized by the FDCPA on a "claim for a debt" are governed by the Federal Rules of Civil Procedure. 28 U.S.C. § 3015(a). Contrary to Johnson's unsupported assertions, the MVRA does not require the filing of a separate civil action to enforce an existing criminal sentence." Therefore, the Court should deny Johnson's motion to quash the subpoenas, as there are no reasonable grounds to support Johnson's motion.

## II. STATEMENT OF FACTS

### A. Johnson's 2008 Criminal Judgment To Pay Restitution

In 2005, Johnson pleaded guilty to six counts of honest services wire fraud, in violation of 18 U.S.C. §§ 1343 and 1346, and conspiracy to launder the proceeds of the honest services wire fraud, in violation of 18 U.S.C. § 1956(h). On June 2, 2008, this Court sentenced Johnson to a term of imprisonment of 12 months and 1 day, followed by three years of supervised release. This Court also ordered Johnson to pay a special assessment of $700 and restitution in the total amount of $2,515,560. The Court ordered Johnson to make a partial payment of $100,000 "immediately," and stated that the "balance shall be due during the period of imprisonment." Id.

Johnson appealed the criminal judgment, which was affirmed. United States v. Johnson, CA 08-50268, 338 Fed.Appx. 561 (9th Cir. June 12, 2009). On or about June 26, 2009, Johnson was released from prison.[3] Johnson's petition for panel rehearing was denied on September 14, 2009.

---

[3] See http://www.bop.gov/inmateloc/ (Federal Bureau of Prisons register number 28855-112).

**B.   Johnson Stalled The United States' Efforts To Conduct Discovery Into His Financial Condition In 2010**

On September 8, 2010, the United States filed an application for an order setting a judgment debtor examination. *See* United States v. Johnson, SACV 10-1347-JVS(RNBx) (the "Johnson civil case"). On September 13, 2010, the Court issued an order directing Johnson to appear at a judgment debtor examination on December 7, 2010, and to produce financial documents.

On October 26, 2010, Johnson filed a 28 U.S.C. § 2255 motion. Johnson v. United States, SACR 10-1641-JVS. On December 1, 2010, Johnson filed an *ex parte* application to continue the judgment debtor examination pending resolution of that motion, and the Court continued the examination.

On August 7, 2013, the Court denied Johnson's § 2255 motion, which was affirmed. United States v. Johnson, 588 Fed.Appx. 743 (9th Cir. Dec. 29, 2014). On April 2, 2015, Johnson's petition for panel rehearing and rehearing en banc was denied. On October 13, 2015, Johnson's petition for certiorari was denied. Johnson v. United States, 136 S.Ct. 318, 193 L.Ed.2d 229 (2015).

On February 20, 2014, this Court dismissed, without prejudice, the United States' action for a judgment debtor examination for "lack of prosecution." While the United States did not pursue the examination while Johnson was pursuing his appeals of the denied § 2255 motion, the United States does intend to pursue a judgment debtor examination as part of its efforts to conduct further discovery into Johnson's financial condition.

### C. Johnson's Instant Attempt To Stall The United States' Efforts To Conduct Discovery Into His Financial Condition

The balance[4] remaining on Johnson's restitution obligation is $2,384,054.69.[5] Johnson has not made any payments toward his restitution obligation since 2012.[6]

On January 22, 2016, the United States issued subpoenas to the custodian of records of Wells Fargo Bank; American Express/Datamark; and US Bank. The United States' notice of the subpoenas that was mailed to an attorney for Johnson was returned as "refused." On March 10, 2016, Johnson filed the instant motion to quash the subpoenas.

### III. THE COURT SHOULD DENY JOHNSON'S MOTION TO QUASH THE SUBPOENAS

#### A. Statutory Background

The MVRA governed sentencing in this case. Congress passed the MVRA "as a supplement to the Victim and Witness Protection Act of 1982 (VWPA), 18 U.S.C. § 3663." United States v. De La Fuente, 353 F.3d 766, 769 (9th Cir. 2003). While restitution under the VWPA was discretionary, "[i]n enacting the MVRA, Congress eliminated the district court's discretion and required restitution regardless of the defendant's financial resources or ability to pay." United States v. Grice, 319 F.3d 1174, 1177 (9th Cir. 2003) (citing 18 U.S.C. § 3663A(a)(1)).

---

[4] These figures are derived from the United States Courts' Offender Payment Enhanced Report Access ("OPERA") database.

[5] The restitution debt has been paid down by $131,505.31, based on payments received from both Johnson and his co-defendant, with whom Johnson is jointly and severally liable.

[6] However, in 2015, the federal Treasury Offset Program ("TOP") collected $3,590 by attaching Johnson's federal benefits.

Under the MVRA, the United States may enforce a judgment imposing a fine or restitution[7] against all property and rights to property owned by the defendant. 18 U.S.C. § 3613(a) and (f). The United States may enforce these judgments "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a) and (f). "The Federal Debt Collection Procedures Act of 1990 ('FDCPA') is such a statute." United States v. Gianelli, 543 F.3d 1178, 1182 (9th Cir. 2008). Under the FDCPA, the government may enforce a judgment by, among other things, garnishment of the defendant's property, levying of the defendant's property pursuant to a writ of execution, issuing an installment payment order, or declaring that a fraudulent transfer is void.[8] The FDCPA also authorizes the United States to conduct post-judgment discovery "regarding the financial condition of the debtor." See 28 U.S.C. § 3015.

### B. The Issuance Of Subpoenas Under The Existing Criminal Case Number Is Entirely Appropriate

In United States v. Mays, 430 F.3d 963 (9th Cir. 2005), the Ninth Circuit expressly rejected the defendant's argument that in seeking a writ of garnishment under the FDCPA, the United States was required to initiate a civil action, instead of proceeding under the existing criminal docket number. See id. at 964. The court stated that "[a]lthough the MVRA is a criminal statute, it expressly, albeit tortuously, provides that the FDCPA's civil enforcement

---

[7] References in § 3613 to "fines" include orders of restitution. 28 U.S.C. §§ 3613(f) and 3664(m)(1)(A).

[8] See 28 U.S.C. §§ 3205 (garnishment), 3203 (writ of execution), 3204 (installment payments), or 3304 (fraudulent transfer).

-5-

remedies may be used to enforce orders of restitution entered under the MVRA." Id. at 965. Accordingly, the United States is authorized to enforce a criminal judgment for restitution or fines under the existing docket number for the defendant's criminal case, without the necessity of having to file a separate civil action. *See* id. at 966. The court explained:

> [N]othing in the statute or its history supports [the defendant's] contention. To the contrary, had it been satisfied with letting the United States collect fines and restitution by means of a separate civil action, Congress need not have said anything at all in the MVRA about debt collection; the government was already authorized to collect debts owed to it by means of a civil action. <u>By specifically importing the FDCPA's procedures into the MVRA</u>, Congress clearly meant to make those procedures available in criminal cases.

Id. (emphasis added). Indeed, "[t]he enforcement of a restitution order is civil in nature." United States v. Phu Tan Luong, 291 Fed.Appx. 73, 74 (9th Cir. Aug. 21, 2008) (citing 18 U.S.C. § 3664(m)(1)(A)(i), noting that "an order of restitution may be enforced in the manner provided for in 18 U.S.C. § 3613, i.e., 'in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law.'") Id. at 74-75.

Other courts have also upheld the United States' practice of engaging in civil discovery methods into a defendant's financial condition, under the criminal docket number. In United States v.

-6-

1  Patiwana, 267 F.Supp.2d 301 (E.D.N.Y. 2003), the court denied a
2  criminal defendant's motion to quash subpoenas that had been based
3  on grounds similar to those asserted by Johnson.  Pointing to the
4  language of 28 U.S.C. § 3015(a),[9] the magistrate judge stated that
5  the FDCPA

> specifically mandates use of the Federal Rules of
> Civil Procedure in debt enforcement actions.
> Congress would not have needed explicitly to direct
> usage of the Federal Rules of Civil Procedure if it
> desired the government to file a separate civil
> action for enforcement of criminal judgment fine.
> Therefore, the statute envisions the use of the FDCPA
> (and its direction for the issuance of Rule 45
> subpoenas) <u>within the context of a criminal matter</u>.

Id. at 305 (emphasis added).  The magistrate judge concluded that
"[t]he collection of a criminal fine is a civil aspect of a criminal
case, and no statute or case law states that a civil action number
is required."  Id.  The district judge adopted the report and
recommendation, providing a similar rationale.  Id. at 302.

In United States v. Idema, 118 Fed.Appx. 740 (4th Cir. Jan. 5,
2005), the defendant moved to quash the United States' subpoenas on
the ground that the government should have initiated a separate
civil action to enforce the criminal restitution order.  Id. at
742-43.  The court rejected the defendant's argument, stating:

---

[9] 28 U.S.C. § 3015(a) provides that except for situations not applicable here, "the United States may have discovery regarding the financial condition of the debtor in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action on a claim for a debt."

-7-

> Although [the VWPA] allows the government to pursue restitution by using the same practices and procedures that would be available in a civil action, it does not purport to require the filing of a separate civil action to enforce an existing criminal sentence. [Defendant] has offered no principled basis -- and we have found none -- to prohibit the government from seeking to enforce this restitution order against him in the same criminal case in which it was originally imposed.

Id. See also United States v. Woods, No. 5:05-CR-131, 2008 WL 8755602, *2 (E.D.N.C. Dec. 28, 2009), aff'd, 377 Fed.Appx. 311, 312 (4th Cir. May 7, 2010) (holding that the FDCPA incorporates civil procedures provided by the FRCP, so that the government may "use the tools of civil discovery through the criminal docket to collect restitution"); United States v. Thomas, No. 07-cr-0516, --- F.Supp.3d ---, 2015 WL 1926409, *2 (D. Col. Apr. 27, 2015) (holding that "the Court finds no merit to the argument that the subpoena is invalid because it is on a civil subpoena form. . . . [T]he issuance of a civil subpoena under Fed. R. Civ. P. 45 by the government is an appropriate means of seeking information related to the enforcement of the restitution order"); United States v. Torres, No. 00-cr-0511, 2009 WL 2983149, *3 (D. Col. Sept. 16, 2009) (holding that "the bank records that the Government seeks through its Fed. R. Civ. P. 45 subpoenas *duces tecum* is permitted under FDCPA and Fed. R. Civ. P. 69").

## IV. CONCLUSION

For the foregoing reasons, the Government respectfully requests that this Court deny Defendant's motion to quash the subpoenas.

DATED: March 28, 2016.    Respectfully submitted,

```
                          EILEEN M. DECKER
                          United States Attorney
                          DOROTHY A. SCHOUTEN
                          Assistant United States Attorney
                          Chief, Civil Division
                          INDIRA J. CAMERON-BANKS
                          Assistant United States Attorney
                          Chief, Financial Litigation Section


                          /s/ Robert I. Lester
                          ROBERT I. LESTER
                          Assistant United States Attorney

                          Attorneys for Plaintiff
```

-9-